# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMUNDO MONTERO,<br><br>           Plaintiff,<br>v.<br><br>CONCORD SERVICING CORPORATION d/b/a BLACKWELL RECOVERY,<br><br>           Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, RAYMUNDO MONTERO, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), the invasion of privacy and harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, RAYMUNDO MONTERO ("Plaintiff"), is an adult

individual residing in Las Vegas, Nevada, and a "consumer" as the term is defined by 15 U.S.C. § 1692a(3). At all times herein, plaintiff was above the age of sixty (60).

5. Defendant CONCORD SERVICING CORPORATION d/b/a BLACKWELL RECOVERY ("BLACKWELL RECOVERY"), is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. BLACKWELL RECOVERY's principal business location is 4150 N. Drinkwater Blvd., Scottsdale, AZ, 85251.

7. Does 1-10 (the "Collectors") are individual collectors employed by BLACKWELL RECOVERY and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. BLACKWELL RECOVERY at all times acted by and through one or more of the Collectors.

### ALLEGATIONS APPLICABLE TO ALL COUNTS
#### The Debt

9. Plaintiff allegedly incurred a financial obligation (the "Debt") to Pueblo Bonito OceanFront Resorts and Spas (the "Creditor") for various timeshare maintenance fees.

10. The Debt arose from services provided by the Creditor which were

2

primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to BLACKWELL RECOVERY for collection, or BLACKWELL RECOVERY was employed by the Creditor to collect the Debt.

12. BLACKWELL RECOVERY attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

## FACTS

13. The alleged Debt resulted from unpaid timeshare maintenance fees relating to a fractional timeshare interest Plaintiff purchased in or about 1994 from Creditor.

14. Plaintiff underwent a series of personal setbacks, including being diagnosed with cancer. These setbacks caused significant financial stress to the Plaintiff who became unable to continue using his timeshare. Further, resulting from his medical costs and health issues, he was no longer in a position to pay monthly timeshare fees alleged to be owed to Creditor.

15. Beginning about March 22, 2013, BLACKWELL RECOVERY bombarded Plaintiff with telephone calls in an attempt to collect the Debt.

16. From March 22, 2013 through present, BLACKWELL RECOVERY placed over one-hundred (100) collection calls to Plaintiff.

3

17. To cease the harassing debt collection, Plaintiff met with and hired an attorney to assist him with BLACKWELL RECOVERY's debt collection.

18. On May 16, 2013, at 12:07 pm, BLACKWELL RECOVERY called Plaintiff to collect the Debt and Plaintiff advised BLACKWELL RECOVERY that he retained an attorney ("First Notice of Legal Representation").

19. Despite Plaintiff's First Notice of Legal Representation to BLACKWELL RECOVERY, BLACKWELL RECOVERY continued calling Plaintiff thereafter to collect the Debt.

20. BLACKWELL RECOVERY's subsequent calls to Plaintiff violated 15 U.S.C. § 1692c(a)(2).

21. BLACKWELL RECOVERY placed collection calls on at least the following dates and times following Plaintiff's First Notice of Legal Representation.

| Date     |         |
|----------|---------|
| 05/31/13 | 7:10pm  |
| 06/01/13 | 8:05am  |
| 06/01/13 | 2:06pm  |
| 06/03/13 | 2:09pm  |
| 06/04/13 | 8:02pm  |
| 06/05/13 | 2:29pm  |
| 06/06/13 | 8:21pm  |
| 06/07/13 | 2:09pm  |
| 06/07/13 | 5:09pm  |
| 06/08/13 | 2:42pm  |
| 06/08/13 | 7:14pm  |
| 06/10/13 | 8:19pm  |
| 06/11/13 | 8:25pm  |
| 06/12/13 | 8:11pm  |

4

| | |
|---|---|
| 06/13/13 | 8:01pm |
| 06/14/13 | 5:31pm |
| 06/14/13 | 7:06pm |
| 06/15/13 | 3:05pm |
| 06/15/13 | 7:37pm |
| 06/17/13 | 8:33am |
| 06/18/13 | 8:27am |
| 06/19/13 | 8:09am |
| 06/20/13 | 8:18am |
| 06/22/13 | 2:08pm |
| 06/22/13 | 6:34pm |
| 06/27/13 | 8:09am |
| 06/28/13 | 10:49am |
| 06/29/13 | 3:35pm |
| 07/01/13 | 1:01pm |
| 07/02/13 | 9:57am |
| 07/03/13 | 11:23am |
| 07/04/13 | 8:31pm |
| 07/05/13 | 5:34pm |
| 07/06/13 | 2:07pm |
| 07/06/13 | 8:52pm |
| 07/08/13 | 10:17am |
| 07/10/13 | 8:02pm |
| 07/11/13 | 8:09pm |
| 07/12/13 | 5:33pm |
| 07/12/13 | 6:49pm |
| 07/13/13 | 2:37pm |
| 07/13/13 | 8:53pm |
| 07/15/13 | 8:28pm |
| 07/16/13 | 8:35pm |
| 07/17/13 | 8:11pm |
| 07/18/13 | 8:26pm |

22. On July 29, 2013, at 8:13 pm, Plaintiff again advised BLACKWELL RECOVERY that he retained an attorney ("Second Notice of Legal Representation"). However, BLACKWELL RECOVERY failed to communicate with Plaintiff's attorney regarding the Debt once Plaintiff advised of his legal representation.

5

23.     Despite Plaintiff's Second Notice of Legal Representation to BLACKWELL RECOVERY, BLACKWELL RECOVERY continued direct collections from the Plaintiff. In fact, BLACKWELL RECOVERY called the Plaintiff as many as six (6) times a day and continued to violate numerous protections under the FDCPA, including 15 U.S.C. § 1692c(a)(2).

24.     Even after Plaintiff's Second Notice of Legal Representation BLACKWELL RECOVERY persisted in placing collection calls on at least the following dates and times:

| Date | | Bates ID |
|---|---|---|
| 09/29/13 | 8:51am | 00012 |
| 09/29/13 | 11:46am | 00012 |
| 09/30/13 | 9:31am | 00012 |
| 09/30/13 | 8:55am | 00012 |
| 10/01/13 | 8:34am | 00012 |
| 10/01/13 | 9:25am | 00012 |
| 10/01/13 | 6:28pm | 00012 |
| 10/02/13 | 8:23am | 00012 |
| 10/02/13 | 8:57am | 00012 |
| 10/02/13 | 9:23am | 00012 |
| 10/02/13 | 9:45am | 00012 |
| 10/03/13 | 8:24am | 00012 |
| 10/03/13 | 9:00am | 00012 |
| 10/03/13 | 9:26am | 00012 |
| 10/07/13 | 8:27am | 00013 |
| 10/07/13 | 9:00am | 00013 |
| 10/08/13 | 8:27am | 00013 |
| 10/08/13 | 9:12am | 00013 |
| 10/08/13 | 9:34am | 00013 |
| 10/08/13 | 9:54am | 00013 |
| 10/09/13 | 12:00pm | 00013 |
| 10/09/13 | 1:07pm | 00013 |
| 10/09/13 | 1:58pm | 00013 |
| 10/09/13 | 2:38pm | 00013 |
| 10/10/13 | 1:14pm | 00013 |

| 10/10/13 | 2:54pm | 00013 |
| 10/10/13 | 5:52pm | 00014 |
| 10/10/13 | 5:53pm | 00014 |
| 10/10/13 | 7:55pm | 00014 |
| 10/10/13 | 8:46pm | 00014 |
| 10/11/13 | 1:08pm | 00014 |
| 10/11/13 | 3:45pm | 00014 |
| 10/11/13 | 5:58pm | 00014 |
| 10/11/13 | 7:37pm | 00014 |
| 10/14/13 | 9:29am | 00014 |
| 10/14/13 | 1:49pm | 00014 |

25.    Additionally, during BLACKWELL RECOVERY's collection calls, BLACKWELL RECOVERY advised the Plaintiff that collection efforts would and could continue with the Plaintiff despite his notice to Defendant that he was represented by Counsel.

26.    On September 26, 2013 Plaintiff advised BLACKWELL RECOVERY that because of his heath issues he was unable to pay the Debt. However, BLACKWELL RECOVERY specifically advised the Plaintiff that "collection will continue" despite his notice of legal representation and admission that he could not pay due to health issues.

27.    During the September 26, 2013 conversation, despite Plaintiff's efforts to place Defendant on notice of his legal representation, Defendant, rather than obtaining the name and contact information for Plaintiff's counsel, continued to directly collect the Debt from Plaintiff.

28.    Plaintiff recorded the September 26, 2013 conversation with

BLACKWELL RECOVERY's consent.

29.  Additionally, Plaintiff on at least one occasion advised BLACKWELL RECOVERY that he was on vacation trying to rest and improve his health.  However, BLACKWELL RECOVERY totally ignored Plaintiff's request to cease contact with him despite BLACKWELL RECOVERY's notice that such communications were being made at times and places inconvenient for the Plaintiff.

30.  Plaintiff's fragile health conditions have been exacerbated by BLACKWELL RECOVERY's harassment and abuse.  As discussed above, Plaintiff was diagnosed with cancer in 2011 and has undergone multiple radiation treatments.  BLACKWELL RECOVERY's calls have left the Plaintiff with no solace in which he could recover from his debilitating illness.

31.  In response to Plaintiff advising BLACKWELL RECOVERY of his health issues, BLACKWELL RECOVERY's collection representative callously stated, *"[y]ou want to use that information that you're sick as an excuse or that is the information that you want to use in order to avoid any payment on this contract."*

32.  BLACKWELL RECOVERY's callous and thoughtless statements further exacerbated Plaintiff's frustration, anger and emotional distress.

33.  Defendant also placed numerous calls to Plaintiff and either hung up

8

or failed to leave a message when connected to Plaintiff's answering machine or voice mail device. These calls were annoying and made it difficult for the Plaintiff to recover from his illnesses.

34.  This lawsuit results.

### Plaintiff Suffered Actual Damages

35.  The Plaintiff has suffered and continues to suffer actual damages as a result of BLACKWELL RECOVERYY's unlawful conduct.

36.  As a direct consequence of BLACKWELL RECOVERY's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, frustration and embarrassment.

### Respondeat Superior Liability

37.  The acts and omissions of BLACKWELL RECOVERY, and the other debt collectors employed as agents by BLACKWELL RECOVERY who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant BLACKWELL RECOVERY.

38.  The acts and omissions by BLACKWELL RECOVERY and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by BLACKWELL RECOVERY in collecting consumer debts.

39.  By committing these acts and omissions against Plaintiff,

BLACKWELL RECOVERY and these other debt collectors were motivated to benefit their principal, Defendant BLACKWELL RECOVERY.

40. BLACKWELL RECOVERY is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

### COUNT I
### VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

41. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. BLACKWELL RECOVERY's conduct violated 15 U.S.C. §1692c(a)(1) in that it contacted the Plaintiff after at times and places known to be inconvenient for the Plaintiff to receive collection calls.

43. BLACKWELL RECOVERY's conduct violated 15 U.S.C. §1692c(a)(2) in that it contacted the Plaintiff after it knew Plaintiff was represented by an attorney.

44. BLACKWELL RECOVERY's conduct violated 15 U.S.C. § 1692d in that BLACKWELL RECOVERY engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the

collection of a debt.

45. BLACKWELL RECOVERY's conduct violated 15 U.S.C. § 1692d(5) in that BLACKWELL RECOVERY caused Plaintiff's phone to ring repeatedly or engaged the Plaintiff in repeated conversations in connection with the collection of a debt.

46. BLACKWELL RECOVERY's conduct violated 15 U.S.C. § 1692e in that BLACKWELL RECOVERY engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

47. BLACKWELL RECOVERY's conduct violated 15 U.S.C. §1692e(10) in that BLACKWELL RECOVERY employed various false representations and deceptive means to collect a debt. Specifically, among other things, BLACKWELL RECOVERY incorrectly advised Plaintiff that it could continue direct collection action against him despite BLACKWELL RECOVERY's notice of Plaintiff's legal representation.

48. The foregoing acts and omissions of BLACKWELL RECOVERY constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

49. The Plaintiff is entitled to damages as a result of BLACKWELL RECOVERY's violations.

50. The Plaintiff has been required to retain the undersigned as counsel to

protect his legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

51. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

52. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

53. BLACKWELL RECOVERY and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

54. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

55. The conduct of BLACKWELL RECOVERY and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff,

resulted in multiple intrusions and invasions of privacy by BLACKWELL which occurred in a way that would be highly offensive to a reasonable person in that position.

56. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from BLACKWELL RECOVERY.

## COUNT III
## VIOLATIONS OF NRS 41.1395

49. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

50. Plaintiff qualifies as an "older person" as defined by NRS 41.1395(4)(d).

51. BLACKWELL RECOVERY's unwarranted behavior and treatment of Plaintiff constituted abuse pursuant as defined by NRS 41.1395(4)(a)(1).

52. As a result of such egregious behavior, Plaintiff is entitled to two times the actual damages incurred by Plaintiff and attorney's fees and costs in an amount to be determined at trial from BLACKWELL RECOVERY.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against BLACKWELL RECOVERY awarding the Plaintiff:

## COUNT I.

### VIOLATIONS OF 15 U.S.C. § 1692

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for punitive damages; and

4. for any other and further relief that the Court may deem just and proper.

## COUNT II.
### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

1. for an award of actual damages from BLACKWELL RECOVERY for the emotional distress suffered as a result of the intentional and/or negligent violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

2. for such other and further relief as may be just and proper.

...

...

...

...

## COUNT III
## VIOLATIONS OF NRS 41.1395

3. For an award of two times the actual damages pursuant to NRS 41.1395 against BLACKWELL RECOVERY;

4. Attorney's fees and costs.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 17, 2014

Respectfully submitted,

By /s/David Krieger, Esq.

David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 130
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
RAYMUNDO MONTERO

# **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF NEVADA           )
                          ) ss
COUNTY OF CLARK           )

Plaintiff RAYMUNDO MONTERO, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the exhibits may contain some of my own handwritten notations.

_____
RAYMUNDO MONTERO, Plaintiff